*ELECTRONICALLY FILED*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO.: 18-cv-_____

BLC LEXINGTON SNF, LLC d/b/a
RICHMOND PLACE REHABILITATION AND HEALTH CENTER;
BROOKDALE SENIOR LIVING INC.;
BROOKDALE SENIOR LIVING COMMUNITIES, INC.;
AMERICAN RETIREMENT CORPORATION                              PLAINTIFFS

v.                                **COMPLAINT**

DONALD SKIPWORTH                                              DEFENDANT

\* \* \* \* \* \* \* \* \*

Plaintiffs, BLC Lexington SNF, LLC; Brookdale Senior Living Inc.; Brookdale Senior Living Communities, Inc.; and American Retirement Corporation ("Plaintiffs") hereby file this Complaint against Defendant, Donald Skipworth, seeking: (i) to compel arbitration of the claims asserted against them by Defendant in the Fayette Circuit Court, Fayette County, Kentucky, Case No.: 16-CI-0348, (the "State Court Action"); (ii) to enjoin Defendant from further pursing the State Court Action; and (iii) for related relief.

In support of the Complaint, Plaintiffs state the following:

1.   As explained below, a valid and enforceable arbitration agreement exists under Federal law which governs a dispute between the parties. (*See* "Admission Agreement" attached hereto as Exhibit "A", at pp. 12-16, ¶VIII). Rather than pursuing resolution of this dispute in accordance with the terms of the arbitration agreement, Defendant filed suit in the Fayette

Circuit Court seeking money damages for alleged violations of Donald Skipworth's rights. Pursuant to 9 U.S.C. §4, this Court may compel arbitration and Plaintiffs request that this Court do so. Pursuant to 28 U.S.C. §2283 and *Great Earth Co. v. Simons*, 288 F.3d 878, 894 (6th Cir. 2002), Plaintiffs also request this Court to enjoin Defendant from further pursuing the State Court Action that he initiated in an effort to avoid the arbitration agreement. Plaintiffs further request that after compelling arbitration and enjoining Defendant, the Court stay this matter pursuant to 9 U.S.C. §3 until the arbitration is completed, at which point the Court may enter judgment on any arbitration award.

## PARTIES AND JURISDICTION

2. Plaintiff, BLC Lexington SNF, LLC, is and was at all times mentioned herein a Delaware limited liability company with its principal place of business in Tennessee. BLC Lexington SNF, LLC is wholly owned by American Retirement Corporation, the sole member of BLC Lexington SNF, LLC. See Paragraph 5. below. Therefore, BLC Lexington SNF, LLC is a citizen of Tennessee.

3. Plaintiff, Brookdale Senior Living Inc., is and was at all times mentioned herein a Delaware corporation with its principal place of business in Tennessee. Therefore, Brookdale Senior Living Inc. is a citizen of Tennessee.

4. Plaintiff, Brookdale Senior Living Communities, Inc., is and was at all times mentioned herein a Delaware corporation with its principal place of business in Tennessee. Therefore, Brookdale Senior Living Communities, Inc. is a citizen of Tennessee.

5. Plaintiff, American Retirement Corporation, is and was at all times mentioned herein a Tennessee corporation with its principal place of business in Tennessee. Therefore, American Retirement Corporation is a citizen of Tennessee.

6. Upon information and belief, Donald Skipworth, is a citizen of the Commonwealth of Kentucky for purposes of diversity of jurisdiction analysis, and may be served with process through his attorneys in the State Court Action.

7. Complete diversity of citizenship exists between Plaintiffs and Defendant.

8. The claims which Plaintiffs seek to compel to arbitration are for actual and punitive damages of an unspecified amount in excess of minimum jurisdictional limits for the State Court action. Federal District Courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . citizens of different states." 28 U.S.C. §1332(a). When determining whether a case meets the jurisdictional requirement for purposes of removal, courts should consider "whether it is 'facially apparent' from the complaint that the damages are 'likely above' the jurisdictional amount in controversy." *Rotschi v. State Farm*, 114 F.3d 1188, 1188 (6th Cir. 1997). Accordingly, the amount in controversy requirement is satisfied. *See* 28 U.S.C. §1332(a). Plaintiff seeks compensatory damages and punitive damages as well as costs. Therefore, the amount in controversy exceeds seventy-five thousand dollars, exclusive of interest and costs, which is the minimum required for federal diversity jurisdiction. (*See* Defendant's Complaint in the State Court Action attached at Exhibit "B").

9. The transactions and contracts or agreements that are the subject of this action involve commerce among the several states (*i.e.*, interstate commerce), and the controversies that are the subject of this action arise out of said transactions and contracts or agreements within the scope of the Federal Arbitration Act, 9 U.S.C. §1-16 ("FAA").

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(1) and 9 U.S.C. §4.

11. Defendant is subject to the personal jurisdiction and process of this Court and can be served with process through their attorneys in the State Court Action or at Northpoint Lexington Health Care Center, 1500 Trent Blvd., Lexington, KY 40515.

12. The events giving rise to this cause of action occurred in Lexington, Fayette County, Kentucky, where Donald Skipworth's son, Terry Skipworth, signed the Admission Agreement attached as Exhibit "A" in order for Donald Skipworth to be admitted to Richmond Place Rehabilitation and Health Center, a skilled nursing facility operated by Plaintiff, BLC Lexington SNF, LLC, which is licensed by the Commonwealth of Kentucky, and where Defendant alleges Donald Skipworth suffered injuries and damages due to the alleged negligence of Plaintiffs. Accordingly, pursuant to 28 U.S.C. §1391(b) and LR 3.2(a)(1), venue is proper in this Court.

## FACTUAL ALLEGATIONS

13. Plaintiffs re-allege and incorporate all the allegations contained in paragraphs 1 – 12 of this Complaint as if fully set forth herein.

14. On June 26, 2015, Donald Skipworth's son, Terry Skipworth, signed the Admission Agreement attached as Exhibit "A" in order for Donald Skipworth to be admitted to Brookdale Richmond Place SNF (KY), a skilled nursing facility operated by Plaintiff, BLC Lexington SNF, LLC, and located in Lexington, Fayette County, Kentucky.

15. Terry Skipworth testified that he signed the Admission Agreement for Donald Skipworth after being directed by Donald Skipworth to do so. He testified that Donald Skipworth did not sign the Admission Agreement himself because of his inability to work his right arm and right hand at the time. Donald Skipworth attempted to sign the document himself, but was physically not able to and asked a staff member at Richmond Place if Terry Skipworth could sign for him. Terry Skipworth asked staff about what signing the Admission Agreement would mean for him

and was assured that it would not require any financial responsibility on his part. He then signed the Admission Agreement for his father.

16. Mr. Skipworth treated at Richmond Place from June 26, 2015 to July 29, 2015. He later admitted to Northpoint Lexington Health Care Center on January 18, 2016 where he signed a voluntary Alternative Dispute Agreement on his own behalf.

17. The Admission Agreement contains an Arbitration Provision, which provides in pertinent part that "[a]ny and all claims or controversies arising out of, or in **any** way relating to, this Agreement or any of your stays at the Rehabilitation/Skilled Nursing Center, excluding any action for eviction, and including disputes regarding interpretation, scope, enforceability, unconscionability, waiver, preemption and/or voidability of this Agreement, whether arising out of State or Federal law, whether existing or arising in the future, whether for statutory, compensatory or punitive damages and whether sounding in breach of contract, tort or breach of statutory duties, irrespective of the basis for the duty or the legal theories upon which the claim is asserted, shall be submitted to binding arbitration, as provided below, and shall not be filed in a court of law. **The parties to this Agreement further understand that a judge and/or jury will not decide their case.**" See Ex. "A", at pp. 12, ¶VIII.A.1. (emphasis in original).

18. All of Defendant's claims against Plaintiffs in the State Court Action are covered within the scope of the Arbitration Provision of the Admission Agreement.

19. All of Defendant's claims in the State Court Action arise out of Plaintiffs' alleged ownership, operation, management, control, licensing and/or services provided for Richmond Place during the residency of Donald Skipworth. See Ex. "B" at pp. 2-4, ¶¶3 – 12.

20. Defendant alleges in the State Court Action that Plaintiffs are foreign corporations who owned, operated, managed, controlled and/or provided services for Richmond Place. *Id*.

Defendant further alleges in the State Court Action that Plaintiffs controlled the operation, planning, management, budget and quality control of Richmond Place either directly or through joint enterprise. *Id.* at ¶¶12 and 16. Finally, Defendant alleges in the State Court Action that Plaintiffs failed to discharge their obligations of care to Donald Skipworth, and in so doing, displayed a conscious disregard for his rights and safety. *Id.* at ¶18.

21. Section 2 of the FAA requires judicial enforcement of arbitration agreements "save upon such grounds as exist at law or in equity for the revocation of any contract" as follows:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. §2.

22. Defendant's claims in the State Court Action and the Admission Agreement attached as Exhibit "A" evidence a transaction involving commerce under 9 U.S.C. §2.

## ACTION TO COMPEL ARBITRATION

23. Plaintiffs re-allege and incorporate all the allegations contained in paragraphs 1 – 22 of this Complaint as if fully set forth herein.

24. Defendant refuses to submit his claims in the State Court Action to binding arbitration as provided in the Arbitration Provision of the Admission Agreement attached hereto as Exhibit "A".

25. Section 4 of the FAA provides Plaintiffs the right to petition this Court for an Order directing that arbitration proceed in the manner provided in the agreement.

26. Plaintiffs submit that a valid arbitration agreement exists which encompasses all of

Defendant's claims against Plaintiffs in the State Court Action and request this Court to enter an Order requiring Defendant to pursue all of his claims against Plaintiffs in the State Court Action in the manner provided in the arbitration agreement.

## ACTION TO ENJOIN DEFENDANT

27. Plaintiffs re-allege and incorporate all the allegations contained in paragraphs 1 – 26 of this Complaint as if fully set forth herein.

28. The Anti-Injunction Act, 28 U.S.C. §2283, provides authority for this Court to enjoin Defendant from further pursuing his claims against Plaintiffs in the State Court Action upon a finding that a valid arbitration agreement exists.

29. After finding that a valid arbitration agreement exists, Plaintiffs request this Court to enter an Order which not only compels Defendant to pursue all of his claims against Plaintiffs in the State Court Action in accordance with the Arbitration Provision of the Admission Agreement, but which also enjoins Defendant from further pursuing his claims against Plaintiffs in the State Court Action.

30. The Sixth Circuit Court of Appeals has interpreted 28 U.S.C. §2283 to allow this Court to so enjoin Defendant when such an injunction would be necessary to protect or effectuate the district court's judgments.

31. Here, enjoining Defendant from further pursuing her claims against Plaintiffs in the State Court Action would be necessary to protect the final judgment of the District Court on this issue.

WHEREFORE, Plaintiffs pray for the following relief:

1. A judgment by this Court finding the arbitration agreement attached hereto as Exhibit "A" to be valid and enforceable, and compelling Defendant to arbitrate all claims alleged against Plaintiffs in the State Court Action in accordance therewith;

2. An Order enjoining Defendant from further pursuing his claims against Plaintiffs in the State Court Action, or in any other forum, save the procedures provided under the arbitration agreement;

3. An Order staying this Action pending an award or decision from the arbitrator;

4. Plaintiffs' costs and fees in bringing this Action; and

5. Any further relief that the court deems appropriate.

        Respectfully submitted,

        QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

        */s/ Matthew C. Cocanougher*
        Donald L. Miller, II, Esq.
        J. Peter Cassidy, III, Esq.
        Matthew C. Cocanougher, Esq.
        2452 Sir Barton Way, Ste. 300
        Lexington, KY  40509
        859-226-0057
        859-226-0059 – facsimile
        ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 29, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I additionally certify that a true and accurate copy of the foregoing was served via U.S. mail, first class, postage prepaid, on the 29th day of June, 2018, upon:

Corey T. Fannin, Esq.
Wilkes & McHugh, P.A.
429 N. Broadway
P.O. Box 1747
Lexington, KY  40588-1747


      */s/ Matthew C. Cocanougher*
      ATTORNEY FOR PLAINTIFFS