COMMONWEALTH OF KENTUCKY
IN THE CIRCUIT COURT OF FAYETTE COUNTY
DIVISION 9

Civil Action File No. 16-CI-348



FILED
ATTEST, VINCENT RIGGS, CLERK
JAN 2 0 2016
FAYETTE CIRCUIT CLERK
BY_____ DEPUTY

Donald Skipworth and
Lillie Skipworth, individually,

**PLAINTIFFS**

v.                          **COMPLAINT**

BLC Lexington SNF, LLC d/b/a                    **DEFENDANTS**
Richmond Place Rehabilitation and Health Center
c/o CT Corporation System
306 W. Main St., Ste. 512
Frankfort, KY 40601

Brookdale Senior Living, Inc.
c/o The Corporation Trust Company
Corporation Trust Center 1209 Orange St.
Wilmington, DE 19801

Brookdale Senior Living Communities, Inc.
CT Corporation System
306 W. Main St., Ste. 512
Frankfort, KY 40601

American Retirement Corporation
c/o CT Corporation System
306 W. Main St., Ste. 512
Frankfort, KY 40601

Benita Boggs Dickenson, in her capacity as Administrator of
Richmond Place Rehabilitation and Health Center
616 Torrey Pines Trail
Richmond, KY 40475

John Does 1 through 5,
Unknown Defendants

COMES NOW Plaintiffs, Donald Skipworth, and Lillie Skipworth, individually for

this cause of action against Defendants, BLC Lexington SNF, LLC d/b/a Richmond

Place Rehabilitation and Health Center; Brookdale Senior Living, Inc.; Brookdale Senior

Living Communities, Inc.; American Retirement Corporation; Benita Boggs Dickenson, in her capacity as Administrator of Richmond Place Rehabilitation and Health Center; and John Does 1 through 5, Unknown Defendants, and state:

1.     Lillie Skipworth is the wife of Donald Skipworth and is a resident of the Commonwealth to Kentucky.

2.     Upon information and belief, Donald Skipworth was admitted as a resident of Richmond Place Rehabilitation and Health Center, 2770 Palumbo Drive, Lexington, Fayette County, Kentucky  40509, on June 26, 2015, and remained there until July 29, 2015.

3.     Defendant BLC Lexington SNF, LLC d/b/a Richmond Place Rehabilitation and Health Center is a foreign limited liability company with its principal office located at 111 Westwood Drive, Suite 200, Brentwood, TN  37027, and is authorized to do business in the Commonwealth of Kentucky. BLC Lexington SNF, LLC owns, operates, manages, controls and/or provides services for Richmond Place Rehabilitation and Health Center, in Lexington, Fayette County, Kentucky. Upon information and belief, at times material to this action, Defendant BLC Lexington SNF, LLC was the "licensee" of the nursing facility and was authorized to do business as and to operate a nursing facility under the name. Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of the facility, Defendant BLC Lexington SNF, LLC was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action made the basis of this suit arise out of such business conducted by said Defendant BLC Lexington SNF, LLC in the ownership, operation, management, control, licensing and/or

services provided for the facility during the residency of Donald Skipworth. The agent for service of process for Defendant BLC Lexington SNF, LLC is CT Corporation System, 306 W. Main St., Ste. 512, Frankfort, KY 40601.

4.     Defendant Brookdale Senior Living, Inc. is a Delaware corporation with its principal office located at 111 Westwood Place, Suite 200, Brentwood, TN 37027. Upon information and belief, at times material to this action, Defendant Brookdale Senior Living, Inc. owned, operated, managed, controlled and/or provided services for nursing facilities, including Richmond Place Rehabilitation and Health Center. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Brookdale Senior Living, Inc. in the ownership, operation, management, control and/or services provided for the facility during the residency of Donald Skipworth. Defendant Brookdale Senior Living, Inc. may be served upon the Kentucky Office of the Secretary of State, Summonses Branch, The Capitol Building, 700 Capital Avenue, Suite 86, Frankfort, Kentucky 40601 for service on its Delaware registered agent, The Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801, by certified mail.

5.     Defendant Brookdale Senior Living Communities, Inc. is a foreign corporation with its principal office located at 111 Westwood Place, Suite 200, Brentwood, TN 37027. Upon information and belief, at times material to this action, Defendant Brookdale Senior Living Communities, Inc. owned, operated, managed, controlled and/or provided services for nursing facilities, including Richmond Place Rehabilitation and Health Center. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Brookdale Senior Living

Communities, Inc. in the ownership, operation, management, control and/or services provided for the facility during the residency of Donald Skipworth. The agent for service of process for Defendant Brookdale Senior Living Communities, Inc. is CT Corporation System, 306 W. Main St., Ste. 512, Frankfort, KY 40601

6.     Defendant American Retirement Corporation is a Tennessee corporation with its principal office located at 111 Westwood Place, Suite 200, Brentwood, TN 37027. Upon information and belief, at times material to this action, Defendant American Retirement Corporation owned, operated, managed, controlled and/or provided services for nursing facilities, including Richmond Place Rehabilitation and Health Center. The causes of action made the basis of this suit arise out of such business conducted by said Defendant American Retirement Corporation in the ownership, operation, management, control and/or services provided for the facility during the residency of Donald Skipworth. The agent for service of process for Defendant American Retirement Corporation is CT Corporation System, 306 W. Main St., Ste. 512, Frankfort, KY 40601.

7.     Upon information and belief, Defendant Benita Boggs Dickenson was an Administrator of Richmond Place Rehabilitation and Health Center during the residency of Donald Skipworth. The causes of action made the basis of this suit arise out of Defendant Benita Boggs Dickenson administration of the facility during the residency of Donald Skipworth. Defendant Benita Boggs Dickenson may be served with process at her last known address: 616 Torrey Pines Trail, Richmond, Kentucky 40475.

8.     Defendants John Does 1 through 5 are entities and/or persons, either providing care and services to Donald Skipworth, or directly or vicariously liable for the

4

injuries of Donald Skipworth. Plaintiff is currently unable to identify these Unknown Defendants, despite diligent efforts, but may discover such identities upon further investigation. Said defendants are named insofar as their acts and/or omissions were negligent, tortious or otherwise wrongful with respect to the care, treatment and services to Donald Skipworth during his residency at Richmond Place Rehabilitation and Health Center.

9.      Whenever the term "Nursing Home Defendants" is utilized within this suit, such term collectively refers to and includes BLC Lexington SNF, LLC d/b/a Richmond Place Rehabilitation and Health Center; Brookdale Senior Living, Inc.; Brookdale Senior Living Communities, Inc.; and American Retirement Corporation.

10.     Whenever the term "Administrator Defendant" is utilized within this suit, such term refers to Benita Boggs Dickenson.

11.     Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named defendants in this lawsuit.

12.     Defendants controlled the operation, planning, management, budget and quality control of the facility. The authority exercised by Defendants over the respective nursing homes included, but was not limited to, control of marketing; human resources management, training, staffing, creation, and implementation of all policy and procedure manuals used by the nursing homes, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, medical supply services, and financial, tax and accounting control through fiscal policies established by Defendants.

13.     Jurisdiction and venue are proper in this Court.

5

## FACTUAL ALLEGATIONS

14.     Plaintiffs re-allege and incorporates all of the allegations contained in Paragraphs 1 – 13 as if fully set forth herein.

15.     Upon information and belief, Donald Skipworth was looking to Nursing Home Defendants for treatment of his total needs for custodial, nursing, and medical care and not merely as the situs where others not associated with the facility would treat him.

16.     At all relevant times mentioned herein, Nursing Home Defendants owned, operated, managed, controlled and/or provided services for Richmond Place Rehabilitation and Health Center, either directly or through a joint enterprise, partnership or the agency of each other and/or other diverse subalterns, alter egos, subsidiaries, governing bodies, agents, servants or employees.

17.     Nursing Home Defendants are directly or vicariously liable for any acts and omissions by any person or entity, directly or indirectly controlled, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities, agencies or pools.

18.     Nursing Home Defendants failed to discharge their obligations of care to Donald Skipworth, and in so failing, displayed a conscious disregard for his rights and safety. At all times mentioned herein, Nursing Home Defendants, individually and/or through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by

Donald Skipworth, as more fully set forth below. Nursing Home Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Richmond Place Rehabilitation and Health Center, including Donald Skipworth.

19.  Due to the wrongful conduct of Nursing Home Defendants, Donald Skipworth suffered accelerated deterioration of his health and physical condition beyond that caused by the normal aging process, including, but not limited to, the following:

a)  Pressure sores;
b)  MRSA infections;
c)  Staph auricularis infection;
d)  Weight loss;
e)  Dehydration;
f)  Pneumonia;
g)  Deep tissue injury; and
h)  Sepsis.

20.  Donald Skipworth also suffered unnecessary loss of personal dignity, extreme pain and suffering, degradation, mental anguish, disability, and disfigurement, all of which were caused by the wrongful conduct of Nursing Home Defendants as alleged below.

21.  The injuries described in this Complaint are a direct and proximate result of the acts or omissions set forth herein, singularly or in combination. As a result of these injuries, Donald Skipworth's health deteriorated, he required medical treatment.

## CAUSES OF ACTION

### COUNT I – NEGLIGENCE

22.  Plaintiffs re-allege and incorporates all of the allegations contained in Paragraphs 1 – 21 as if fully set forth herein.

7

23.     Nursing Home Defendants owed a non-delegable duty to Donald Skipworth to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

24.     Upon information and belief, Nursing Home Defendants knowingly developed and maintained staffing levels at the facility without regard for patient acuity levels or the minimal time to perform the essential functions of providing care to Donald Skipworth.

25.     Nursing Home Defendants negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

a)     Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

1)     ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Donald Skipworth, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

2)     ensuring compliance with the resident care policies for the facility; and

3)     ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

b)     Failure to develop, implement and follow policies to assist Donald Skipworth in attaining and maintaining the highest level of physical, mental and psychological well-being;

c)     Failure to maintain all records on Donald Skipworth in accordance with accepted standards and practices;

d)     Failure to provide the minimum number of qualified personnel to meet the total needs of Donald Skipworth;

e)     Failure to provide adequate nursing and other staff that was properly staffed, qualified and trained;

f)     Failure to ensure that Donald Skipworth received adequate and proper custodial care;

g)   The failure to maintain all records on Donald Skipworth in accordance with accepted standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to his diagnosis, treatment, and appropriate care plans of care and treatment;

h)   Failure to monitor or increase the number of nursing personnel at the facility to ensure that Donald Skipworth:

   1)   received timely and accurate care assessments;

   2)   received prescribed treatment and medication;

   3)   received appropriate diet and nutrition;

   4)   received necessary supervision; and

   5)   received timely intervention due to significant changes in condition;

i)   Failure to have in place adequate guidelines, policies and procedures for the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

j)   Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

k)   Failure to ensure that Donald Skipworth received timely and appropriate custodial care, including, but not limited to, supervision, personal attention, infection control measures, and hygiene;

l)   Failure to protect Donald Skipworth from abuse and neglect; and

m)   Failure to increase the number of personnel at the facility to ensure that Donald Skipworth not suffer the above-listed failures.

26.   A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Donald Skipworth. With regard to each of the foregoing acts of negligence, Nursing Home Defendants acted with oppression, fraud, and/or malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Donald Skipworth.

27.    Pursuant to KRS 446.070, Plaintiffs also allege that Nursing Home Defendants violated statutory and regulatory duties of care, the violations of which are actionable as negligence per se. Donald Skipworth was injured by the statutory violations of Nursing Home Defendants and was within the class of persons for whose benefit the statutes were enacted and who was intended to be protected by these statutes. The negligence per se of Nursing Home Defendants included, but is not limited to, violation(s) of the following:

    a)    Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Donald Skipworth; and/or,

    b)    Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder.

28.    As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Donald Skipworth suffered the injuries described herein. Plaintiffs assert a claim for judgment against Nursing Home Defendants for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, degradation, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiffs are entitled to by law.

## COUNT II – MEDICAL NEGLIGENCE

29.    Plaintiffs re-allege and incorporates all of the allegations contained in Paragraphs 1 – 28 as if fully set forth herein.

30.   Nursing Home Defendants had a duty to provide the standard of professional medical care and services that a reasonably competent nursing facility acting under the same, and similar, circumstances would provide.

31.   Nursing Home Defendants failed to meet the applicable standards of medical care. The medical negligence or malpractice of Nursing Home Defendants included, but was not limited to, the following acts and omissions:

a)   The overall failure to ensure that Donald Skipworth:

1)   received timely and accurate care assessments;

2)   received prescribed treatment and medication;

3)   received appropriate diet and nutrition;

4)   received necessary supervision; and

5)   received timely intervention due to significant changes in condition;

b)   Failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants and medication aides to meet the total needs of Donald Skipworth throughout his residency;

c)   Failure to provide and implement an adequate nursing care plan based on the needs of Donald Skipworth;

d)   Failure to provide care, treatment and medication in accordance with physician's orders;

e)   Failure to adequately and appropriately monitor Donald Skipworth and recognize significant changes in his health status, and to timely notify his physician of significant changes in his health status;

f)   Failure to ensure Donald Skipworth was not deprived of the services necessary to maintain his health and welfare;

g)   Failure to inform the physician and family of significant changes in condition;

h)   Failure to ensure that Donald Skipworth received adequate and proper supervision and hygiene as well as infection control procedures;

i)   Failure to adequately, timely and appropriately educate and inform the caregivers at the facility of the needs, level of assistance, and prescribed care and treatment for Donald Skipworth; and

j)   Failure to provide proper supervision, treatment, assessment and monitoring of Donald Skipworth in order to prevent the above-listed injuries;

k)   Failure to administer and secure appropriate medical care following the development and/or discovery of Donald Skipworth's above-listed injuries; and

l)   Failure to increase the number of personnel at the facility to ensure that Donald Skipworth not suffer the above-listed failures.

32.   It was foreseeable that the breaches of care listed above would result in serious injuries to Donald Skipworth. A reasonably competent nursing facility acting under the same or similar circumstances would not have failed to provide the care listed above.

33.   With regard to each of the foregoing acts of professional or medical negligence, Nursing Home Defendants acted with oppression, fraud, and/or malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Donald Skipworth.

34.   As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Donald Skipworth suffered the injuries described herein. Plaintiffs assert a claim for judgment against Nursing Home Defendants for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, degradation, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the

minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT III – CORPORATE NEGLIGENCE

35.     Plaintiffs re-allege and incorporate all of the allegations contained in Paragraphs 1 –34 as if fully set forth herein.

36.     Upon information and belief, Donald Skipworth was looking to Nursing Home Defendants' facility for treatment of his physical ailments and not merely as the situs where others not associated with the facility would treat him for his problems. There is a presumption that the treatment Donald Skipworth received was being rendered through employees of Nursing Home Defendants and that any negligence associated with that treatment would render Nursing Home Defendants responsible. Nursing Home Defendants or persons or entities under their control or to the extent Nursing Home Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Donald Skipworth, to act with the degree and skill expected of reasonably competent medical practitioners acting in the same or similar circumstances.

37.     Nursing Home Defendants owed a non-delegable duty to assist Donald Skipworth in attaining and maintaining the highest level of physical, mental and psychological well-being.

38.     Nursing Home Defendants owed a duty to Donald Skipworth to maintain their facility, including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

13

39.     Nursing Home Defendants owed a duty to Donald Skipworth to have in place procedures and protocols to properly care for residents and to administer these policies through enforcement of any rules, regulations, bylaws or guidelines, which were adopted by Nursing Home Defendants to insure a smoothly run facility and adequate resident care.

40.     Nursing Home Defendants owed a duty to Donald Skipworth to provide a safe environment; to provide treatment and recovery; and to exercise ordinary care and attention for the safety of residents, including Donald Skipworth, in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Donald Skipworth from danger due to his inability to care for himself. Nursing Home Defendants had a duty to protect Donald Skipworth from any danger which the surroundings would indicate might befall him in view of any peculiar trait exhibited by him or which his mental condition or aberration would suggest as likely to happen.

41.     With regard to each of the foregoing acts of negligence, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Donald Skipworth.

42.     As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Donald Skipworth suffered the injuries described herein. Plaintiffs assert a claim for judgment against Nursing Home Defendants, for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, and

unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiffs are entitled by law.

## COUNT IV – VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

43.     Plaintiffs re-allege and incorporates all of the allegations contained in Paragraphs 1 –42 as if fully set forth herein.

44.     Nursing Home Defendants violated statutory duties owed to Donald Skipworth as a resident of a long-term care facility, KRS 216.510 et seq. Plaintiffs specifically references KRS 216.515 here, without limiting the import of the remaining portions of the resident's rights statutes. These statutory duties were non-delegable.

45.     The violations of the resident's rights of Donald Skipworth include, but are not limited to, the following:

     a)    Violation of the right to be treated with consideration, respect, and full recognition of his dignity and individuality, including privacy in treatment and in care for his personal needs;

     b)    Violation of the right to be suitably dressed at all times and given assistance when needed in maintaining body hygiene and good grooming;

     c)    Violation of the right to have a responsible party or family member or guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

     d)    Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet his needs;

     e)    Violation of the right to be free from mental and physical abuse and neglect; and

f)     Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

46.    As a result of the aforementioned violations of the Resident's Rights Statutes by Nursing Home Defendants, pursuant to K.R.S. §216.515(26), Plaintiffs are entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

47.    With regard to the aforementioned violations of the Resident's Rights Act, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton and reckless disregard for the rights of Donald Skipworth and, pursuant to K.R.S. § 216.515(26), Plaintiffs are entitled to punitive damages from Nursing Home Defendants in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

## CAUSE OF ACTION AGAINST ADMINISTRATOR DEFENDANT

### FACTUAL ALLEGATIONS

48.    Plaintiffs re-allege and incorporates all of the allegations contained in Paragraphs 1 – 21 as if fully set forth herein.

49.   As administrator of Richmond Place Rehabilitation and Health Center, Administrator Defendant was required to be licensed by the Commonwealth of Kentucky. Administrator Defendant owed ordinary duties of care to Donald Skipworth, as well as professional duties and statutory duties owed to residents by licensed, nursing home administrators in Kentucky, pursuant to the Nursing Home Administrators Licensure Act of 1970, codified as Kentucky Revised Statutes sections 216A.010 *et seq.*

50.   As a holder of a nursing home administrator's license for Richmond Place Rehabilitation and Health Center, Administrator Defendant was legally and individually responsible for the operation of the facility and the welfare of its residents pursuant to Chapter 216A of the Kentucky Revised Statutes and Title 201, Chapter 6 of the Kentucky Administrative Regulations.

51.   Administrator Defendant was also responsible for the total management of Richmond Place Rehabilitation and Health Center pursuant to federal law.

. 52.   Administrator Defendant's management responsibilities included ensuring that Richmond Place Rehabilitation and Health Center operated and provided services in compliance with all applicable federal, state, and local laws, regulations, and codes, and within accepted professional standards and principles.

53.   Administrator Defendant was responsible for ensuring that the facility complied with state and federal regulations related to nursing facilities. Administrator Defendant had duties to administrate the facility in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable, physical, mental and psychological well–being of each resident. The nursing facility,

17

under the leadership of its administrator, is also required to operate and provide services in compliance with all applicable federal, state and local laws, regulations and codes and with accepted professional standards and principles that apply to professionals providing services in such a facility. Administrator Defendant breached his duties of care to Donald Skipworth by failing to meet these requirements.

### COUNT I – NEGLIGENCE

54.   Plaintiffs re-allege and incorporates all of the allegations contained in Paragraphs 1 – 21 and 48 – 53 as if fully set forth herein.

55.   As administrator of Richmond Place Rehabilitation and Health Center, Administrator Defendant owed a duty to the residents of Richmond Place Rehabilitation and Health Center, including Donald Skipworth, to provide services as a reasonable administrator within accepted standards for nursing home administrators.

56.   Administrator Defendant breached his duties owed to the residents of Richmond Place Rehabilitation and Health Center, including Donald Skipworth, during his tenure as administrator by failing to supervise nurses and nurses' aides and failing to hire sufficient nurses and nurses' aides and, as such, the nurses and nurses' aides were unable to provide Donald Skipworth the care he required. The negligence of Administrator Defendant includes, but is not limited to, the following acts and omissions:

a)   Failure to monitor or provide enough qualified nursing personnel at the facility to ensure that Donald Skipworth:

1)   received timely and accurate care assessments;

2)   received prescribed treatment and medication;

3)   received appropriate diet and nutrition;

4)   received necessary supervision; and

18

      5)     received timely intervention due to significant changes in condition;

b)     Failure to adequately screen, evaluate, and test for competence in selecting personnel to work at the facility;

c)     Failure to ensure that Donald Skipworth was provided with basic and necessary care and supervision;

d)     Failure to ensure that Donald Skipworth received care, treatment, and medication as prescribed or in accordance with physician's orders;

e)     Failure to ensure that Donald Skipworth attained and maintained his highest level of physical, mental, and psychosocial well–being;

f)     Failure to ensure that Donald Skipworth was treated with the dignity and respect that all nursing home residents are entitled to receive;

g)     Failure to provide a safe environment for Donald Skipworth;

h)     Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

i)     Failure to discipline or terminate employees at the facility assigned to Donald Skipworth that were known to be careless, incompetent, and unwilling to comply with the policy and procedures of the facility and the rules and regulations promulgated by the Cabinet for Health and Family Services;

j)     Failure to adopt adequate guidelines, policies, and procedures for:

      1)     investigating the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at the facility by the Cabinet for Health and Family Services or any other authority;

      2)     determining the cause of any such deficiencies, violations, or penalties;

      3)     establishing the method and means for correcting deficiencies or licensure violations or penalties found to exist at the facility;

      4)     determining whether the facility had sufficient numbers of personnel to meet the total needs of Donald Skipworth; and,

     5)     documenting, maintaining files, investigating and responding to any complaint regarding the quality of resident care, or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of said facility, an employee of the facility, or any interested person.

k)     Failure to maintain all records on Donald Skipworth in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to his diagnosis, treatment, and appropriate care plans of care and treatment.

l)     Failure to inform the physician and family of significant changes in condition;

m)     Failure to increase the number of personnel at the facility to ensure that Donald Skipworth received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention, hygiene, feeding, and administering medications;

n)     Failure to ensure that staff provide Donald Skipworth with adequate and proper infection control measures, supervision, skin care, medication administration and hygiene;

o)     Failure to ensure that staff provided proper supervision, treatment, assessment and monitoring of Donald Skipworth to prevent him from suffering the above-listed injuries;

p)     Failure to ensure that staff administered and secured appropriate medical care for Donald Skipworth's above-listed injuries; and

q)     Failure to increase the number of personnel at the facility to ensure that Donald Skipworth not suffer the above-listed failures.

57.     A reasonably careful nursing home administrator would have foreseen that the failure to provide the ordinary care listed above would result in serious injuries to Donald Skipworth. Each of the foregoing acts of negligence on the part of Administrator Defendant was accompanied by such wanton or reckless disregard for the health and safety of Donald Skipworth as to constitute gross negligence.

58.     Additionally, Administrator Defendant failed to operate, manage or administer Richmond Place Rehabilitation and Health Center in compliance with federal,

state, and local laws, regulations, and codes intended to protect nursing home residents, including, but not limited to:

a) Failure to ensure compliance with rules and regulations of the Cabinet for Health and Family Services, pursuant to Chapters 216, 216B and 13A of the Kentucky Revised Statutes and the administrative regulations promulgated thereunder, and the federal minimum standards imposed by the United States Department of Health and Human Services, 42 C.F.R. sections 405.301 *et seq.*;

b) Failure to ensure compliance with laws and regulations promulgated by the Cabinet for Health and Family Services to provide the minimum number of staff necessary to assist Donald Skipworth with his needs;

c) Failure to ensure compliance with law and regulations of the Board of Licensure for Nursing Home Administrators pursuant to the Nursing Home Administrators Licensure Act of 1970, Kentucky Revised Statutes sections 216A.010 et seq.;

d) Failure to provide the necessary care and services to attain or maintain the highest practicable, physical, mental, and psychosocial well – being of Donald Skipworth, and in accordance with the comprehensive assessment and plan of care created at the facility;

e) Failure to provide sufficient nursing staff and nursing personnel to provide adequate and appropriate nursing care to Donald Skipworth in accordance with the resident care plan generated at the facility;

f) Failure to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of Donald Skipworth;

g) Failure to ensure a nursing care plan based on Donald Skipworth's problems and needs was established which contained measurable objectives and time tables to meet his medical, nursing, mental, and psychosocial needs as identified in his comprehensive assessment when Donald Skipworth's needs changed;

h) Failure to notify Donald Skipworth's family and physician of a need to alter his treatment significantly.

59.    Donald Skipworth was member of a class intended to be protected by the above laws and regulations. The injuries alleged in Paragraph 19 resulted from events the laws and regulations were designed to prevent.

60.    It was foreseeable that these breaches of statutory duties would result in serious injuries to Donald Skipworth. Each of the foregoing acts of negligence *per se* on the part of Administrator Defendant was accompanied by such wanton or reckless disregard for the health and safety of Donald Skipworth as to constitute gross negligence.

61.    As a direct and proximate result of such negligent, grossly negligent, wanton, or reckless conduct, Donald Skipworth suffered the injuries described in Paragraph 18, and Plaintiffs assert a claim for judgment for all compensatory and punitive damages against Administrator Defendant including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disfigurement, hospitalizations, degradation, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## CAUSE OF ACTION AGAINST ALL DEFENDANTS
## COUNT I – LOSS OF SPOUSAL CONSORTIUM

62.    Plaintiffs incorporate all of the allegations contained in Paragraphs 1-61 as if fully set forth herein.

63.    As a direct and proximate result of the previously alleged conduct, all of which was negligent, grossly negligent, wanton or reckless, Defendants caused injury and disability to Donald Skipworth, resulting in Plaintiff, Lillie Skipworth, losing her right to the services, assistance, aid, society, companionship and conjugal relationship between herself and Donald Skipworth.

64.    As a direct and proximate result of the injury and disability of Donald Skipworth, Plaintiff asserts a claim for judgment for any and all damages to which she may be entitled for the loss of spousal consortium caused by the Defendants, as outlined above, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees, plus costs and all other relief to which Plaintiff is entitled by law.

## DAMAGES

65.    Plaintiffs re-allege and incorporates all of the allegations contained in Paragraphs 1 – 64 as if fully set forth herein.

66.    As a direct and proximate result of the negligence of all Defendants as set out above, Donald Skipworth suffered injuries including, but not limited to, those listed herein. As a result, Donald Skipworth incurred significant medical expenses, and suffered embarrassment, and physical impairment.

67.    Plaintiffs seek punitive and compensatory damages against all Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiffs are entitled by law.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, Donald Skipworth and Lillie Skipworth, pray for judgment against Defendants, BLC Lexington SNF, LLC d/b/a Richmond Place Rehabilitation and Health Center; Brookdale Senior Living, Inc.; Brookdale Senior Living Communities, Inc.; American Retirement Corporation; Benita Boggs Dickenson, in her capacity as Administrator of Richmond Place Rehabilitation and Health Center; and John Does 1 through 5 Unknown Defendants, in an amount to be determined from the evidence, the costs herein expended, and for all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

Respectfully submitted this 29 day of January, 2016,

Donald Skipworth and Lillie Skipworth,

By: _____ (KY43595)
Corey T. Fannin (KY 91995)
Wilkes & McHugh, P.A.
429 North Broadway
P.O. Box 1747
Lexington, KY 40588-1747
Telephone:   (859) 455-3356
Facsimile:   (859) 455-3362
Attorneys for Plaintiff