UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| BLC LEXINGTON SNF, LLC )<br>d/b/a, RICHMOND PLACE )<br>REHABILITATION AND HEALTH )<br>CENTER, et al., )<br>)<br>    Plaintiffs, )<br>)<br>V. )<br>)<br>DONALD SKIPWORTH, )<br>)<br>    Defendant. ) | Civil Action No. 5: 18-431-DCR<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This case arises out of the defendant's claim of nursing home neglect. Defendant Donald Skipworth ("Donald") along with his wife, Lillie Skipworth ("Lillie"), filed suit on January 29, 2016, against BLC Lexington SNF, LLC and others in state court, alleging various forms of negligence, violations of long-term care resident's rights, and loss of spousal consortium. [Record No. 1] BLC Lexington SNF, LLC and other state court defendants filed suit in federal court, asserting that a valid and enforceable arbitration agreement exists between the parties. [*Id.*] The federal court Complaint contends that the claims asserted by Donald in Fayette Circuit Court should be arbitrated and Donald should be enjoined from further pursuing the state court action. [*Id.*]

Donald filed a motion to dismiss the plaintiffs' Complaint on October 18, 2018. [Record No. 8] He argues that the Court lacks subject matter jurisdiction, that the plaintiffs failed to join a necessary party, and that they failed to state a claim for relief pursuant to

-1-

Rules 12(b)(1), 12(b)(7), and 12(b)(6) of the Federal Rules of Civil Procedure. [*Id*.] Donald's motion to dismiss will be denied because the Court has subject matter jurisdiction, the absent party is not necessary, and the plaintiffs have sufficiently stated claims for relief.

**I.**

Donald was admitted as a resident of Richmond Place Rehabilitation and Health Center on June 26, 2015. [Record No. 8] Terry Skipworth ("Terry"), Donald's son, signed the Admission Agreement ("Agreement") for Donald to be admitted. [Record No. 1] The Agreement included an agreement to arbitrate. [Record No. 1-1, p. 21-23] Terry allegedly did not have power of attorney, guardianship, or any other legal instrument authorizing him to sign on Donald's behalf. [Record No. 8-1]

The plaintiffs conducted limited alternative dispute resolution discovery to determine Terry's authority to sign the agreement on Donald's behalf. [Record No. 9, p. 2] Terry testified that he signed the documents at Donald's request and the reason Donald did not sign was because he was right-handed and had right-sided weakness. [*Id*.]

The Agreement requires arbitration of any claim or controversy arising out of or related to the agreement or a resident's stay at the rehabilitation/skilled nursing facility. [Record No. 1-1, p. 12] The arbitration clause includes disputes "regarding interpretation, scope, enforceability, unconscionability, waiver, preemption and/or violability… whether sounding in breach of contract, tort or breach of statutory duties." [*Id*.] The Agreement also states that the Federal Arbitration Act ("FAA") shall exclusively apply to the interpretation and enforcement of the document. [*Id*. at 13]

## II.

Donald moved to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, alleging that the Court lacks subject matter jurisdiction. [Record No. 8] Determining whether subject matter jurisdiction exists is a threshold matter that the Court must consider before addressing other issues. *See Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94-95 (1998); *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1325 (6th Cir. 1993). The FAA does not provide an independent basis for federal jurisdiction. 9 U.S.C. § 4; *see Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009). Instead, a petitioner seeking to compel arbitration under the FAA has the burden of proving an independent source of subject matter jurisdiction. *Vaden*, 556 U.S. at 59; *Ford v. Hamilton Invs. Inc.*, 29 F.3d 255, 257-58 (6th Cir. 1994); *see also Moir v. Greater Cleveland Reg. Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)). The plaintiffs in the present case contend that diversity jurisdiction exists under 28 U.S.C. § 1332(a). [Record No. 1]

### A. The Look-Through Approach

The defendant argues that complete diversity does not actually exist in this case because a named defendant in the state court action is a citizen of Kentucky. [Record No. 8-1, p. 3] He further contends that the Court should look to the underlying controversy in the state court action to resolve questions of subject matter jurisdiction. [*Id.*] This argument is based on a strained interpretation of the Supreme Court's decision in *Vaden*, which this Court and others have rejected previously. *See e.g., GGNSC Stanford, LLC v. Gilliam*, 205 F. Supp. 3d 884, 888 (E.D. Ky. Sept. 7, 2016); *Brookdale Senior Living, Inc.*

*v. Caudill*, No. 5:14-cv-098, 2014 WL 3420783, at *3 (E.D. Ky. July 10, 2014) (citing *Northport Health Servs. Of Arkansas, LLC v. Rutherford*, 605 F.3d 483, 490-91 (8th Cir. 2010)). Because *Vaden* explicitly limited its holding, the Court remains persuaded that the look-through approach only applies in cases involving federal question jurisdiction. 556 U.S. at 62, 66; *Northport Health Servs. of Arkansas*, 605 F. 3d at 488; *see also GGNSC Stanford*, 205 F. Supp. 3d. at 888. Therefore, the Court will determine diversity by examining the parties named in the federal Complaint in addition to any indispensable parties who must be joined under Rule 19 of the Federal Rules of Civil Procedure. *See GGNSC Frankfort, LLC v. Tracy*, No. 14-30-GFVT, 2015 WL 1481149, at *3 (E.D. Ky. March 31, 2015) (quoting *Northport Health Servs. of Arkansas*, 605 F.3d at 490-91).

### B. Failure to Join an Indispensable Party

Next, the defendant argues that the Court lacks jurisdiction because the plaintiffs failed to join an indispensable party who would destroy diversity. [Record 8-1, p. 4] He asserts that Benita Boggs Dickenson, an administrator at the nursing home, is a citizen of Kentucky and "is indispensable to any arbitration that occurs in this case and any order ruling on the validity and enforceability of the arbitration clause." [*Id.*] "Rule 19 of the Federal Rules of Civil Procedure establishes a three-step analysis for determining whether a case should proceed in the absence of a particular party." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001). First, the Court must determine whether the party is necessary. *Id.* A party is deemed necessary if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is

so situated that disposing of the action in the person's absence may:
    (i) as a practical matter impair or impede the person's ability to protect the interest; or
    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

The defendant contends that Dickenson is a joint tortfeasor and is bound by the arbitration agreement which might be subject to inconsistent interpretations in state and federal court. Dickenson's status as a joint tortfeasor alone does not make her a necessary party. *See Temple v. Synthes Corp., LTD*, 498 U.S. 5, 8 (1990). However, Dickenson is bound by the arbitration agreement. If this Court and the state court reached different conclusions concerning the enforceability of the arbitration agreement, Dickenson would face inconsistent procedural remedies. Therefore, the Court will assume that Dickenson is a necessary party. *See GGNSC Stanford*, 205 F. Supp. 3d at 889.

"[T]he court must next consider whether the party is subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction." *PaineWebber*, 276 F.3d at 200. Dickenson is a citizen of Kentucky, so joinder would destroy diversity. 28 U.S.C. § 1332.

Because Dickenson's joinder would destroy diversity, the Court must examine whether she is an indispensable party under Rule 19(b). *See Id.* This requires the Court to decide whether, in equity and good conscience, the action may proceed in Dickenson's absence or should be dismissed. Fed. R. Civ. P. 19(b); *see also Republic of Philippines v.*

*Pimentel*, 553 U.S. 851, 862-63 (2008). The Court considers the following factors to resolve this issue:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief;
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be inadequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

The defendant relies on a district court opinion from the Northern District of West Virginia in arguing that Dickenson is indispensable. *Cytec Industries, Inc. v. Powell*, 630 F. Supp. 2d 680 (N.D. W. Va. June 19, 2009). The court in *Cytec* found that an alleged joint tortfeasor was an indispensable party in a federal suit to compel arbitration. *Id*. The *Cytec* court relied on Fourth Circuit precedent in finding that the duplicative litigation and potentially inconsistent legal conclusions regarding the arbitration agreement constituted sufficient prejudice to find that the nonjoined party was indispensable.

The Sixth Circuit, however, has expressly rejected the argument that conflicting interpretations of the arbitration agreement are grounds for finding that a party is indispensable. *PaineWebber*, 276 F.3d at 202-03. And this Court previously applied the analysis in *PaineWebber* in determining that a nursing home administrator was not an indispensable party when she was joined in the underlying state action. *See GGNSC Stanford*, 205 F. Supp. 3d at 890. The Court explicitly stated that the defendant's "concern

that this Court and the state court will reach conflicting interpretations of the arbitration agreement does not constitute the type of prejudice necessary to support a finding that [the nonjoined party] is an indispensable party." *Id.* Additionally, there is no indication that a judgment rendered in Dickenson's absence would be inadequate. *PaineWebber*, 276 F.3d at 205.

While the state court presents an alternate forum for the plaintiffs to enforce the arbitration agreement in the present case, "the existence of another forum does not, in and of itself, outweigh a plaintiff's right to the forum of his or her choice." *Id.* Additionally, the policy considerations underlying the FAA require that federal courts remain available to enforce arbitration agreements in diversity cases. *Id.* Therefore, the Court concludes Dickenson is not an indispensable party to this action.

### III.

The plaintiffs contend that abstention is not appropriate in the present case. [Record No. 9, p. 14] The Supreme Court has noted that federal courts have a "virtually unflagging" obligation to exercise the jurisdiction given to them. *Colorado River Water Conservation Dist., et al. v. United States*, 424 U.S. 800 (1976). But federal courts will abstain from exercising jurisdiction and will defer to the concurrent jurisdiction of the state court in limited circumstances. *Id.* The Court will consider the following factors in determining whether abstention is appropriate:

    (1)    whether the state court has assumed jurisdiction over any res or property;
    (2)    whether the federal forum is less convenient to the parties;
    (3)    avoidance of piecemeal litigation;
    (4)    the order in which the jurisdiction was obtained;

> (5) whether the source of governing law is state or federal;
> (6) the adequacy of the state court action to protect the federal plaintiff's rights;
> (7) the relative progress of the state and federal proceedings; and
> (8) the presence or absence of concurrent jurisdiction.

*Romine v. Compuserve Corp.*, 160 F.3d 337, 340-41 (6th Cir. 1998) (citations omitted). However, the Court must determine whether the concurrent federal and state actions are actually parallel before the *Colorado River* doctrine may be applied. *Id*. at 339.

The two proceedings must be "substantially similar", but "exact parallelism" is not required. *Id*. at 340. The state and federal actions that are relevant to present case differ procedurally, but the parties (except Dickenson) are the same and the actions involve similar issues. Further, because the federal proceeding attempts to compel arbitration and enjoin the state court proceeding, it is likely that the claim in the federal case would be disposed of if the state proceeding was seen through to its conclusion. *See Preferred Care of Delaware, Inc. v. Vanarsdale*, 152 F. Supp. 3d 929, 931 (E.D. Ky. Jan. 26, 2016). Accordingly, the two proceedings are sufficiently similar to continue with the *Colorado River* analysis.

The most important concern in *Colorado River* was whether there was a "clear federal policy evinc[ing]… the avoidance of piecemeal adjudication" within the statutory scheme at issue. *Answers in Genesis of Kentucky, Inc. v. Creation Ministries, Int'l., Ltd.*, 556 F.3d 459, 467 (6th Cir. 2009) (quoting *Colorado River*, 424 U.S. at 819). But the Sixth Circuit has made clear that there is no such policy regarding the FAA. *Id.* Because the purpose of the FAA is to enforce parties' private agreements, this concern predominates even if piecemeal litigation results. *Id*. (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470

U.S. 213, 221 (1985). Therefore, the most important factor (avoiding piecemeal litigation) weighs in favor of exercising jurisdiction.

The fourth and seventh factors weigh in favor of abstention. Donald filed his state court action on January 29, 2016, but the plaintiffs in the present action waited nearly two and a half years to file the federal action on June 29, 2018. Additionally, the parties do not address whether any significant progress has occurred in the state proceeding. While the state court docket indicates motions have been filed and orders have been entered, none of the orders appears to be dispositive. This Court has issued one order staying the case pending guardianship proceedings. Accordingly, the state court obtained jurisdiction nearly two and a half years before this Court and has dealt with non-dispositive motions.

The remaining factors counsel against abstention or are neutral. There is no indication that the state court has assumed jurisdiction over any res or property. And there is no indication that the federal forum is less convenient to the parties than the Fayette Circuit Court. Additionally, the FAA is the basis for interpreting the disputed arbitration agreement, so the source of governing law weighs against abstention. *See PaineWebber*, 276 F.3d at 208-09. While state law is implicated with respect to the validity of the arbitration agreement, "the presence of federal law issues must always be a major consideration weighing against surrender of federal jurisdiction in deference to state proceedings." *Romine*, 160 F.3d at 208 (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983)).

The sixth factor calls for the Court to examine the adequacy of the state court proceeding to protect the federal plaintiffs' rights. Because the state court would be bound

to apply the FAA, and Kentucky courts have shown hostility toward pre-dispute arbitration agreements in the nursing home setting, this factor weighs against abstention. *GGNSC Stanford*, 205 F.Supp.3d at 891.

The final factor considers the presence or absence of concurrent jurisdiction and weighs against abstention. The presence of concurrent jurisdiction generally weighs in favor of abstention, but its presence is not sufficient to justify abstention "where a congressional act provides the governing law and expresses a preference for federal litigation." *PaineWebber*, 276 F.3d at 208-09. The FAA expresses a preference for vindication by federal courts, so concurrent jurisdiction does not support deference to the state court in the present case. *See Moses H. Cone Memorial Hosp.*, 460 U.S. at 25 n. 32.

In summary, while two factors weigh in favor of abstention, the other six factors weigh against abstaining from exercising jurisdiction. Additionally, although the state court proceeding has been pending for almost three years, it does not appear that the state court has dealt with any dispositive motions or issues that would affect the present action. Therefore, there is no exceptional reason to abstain from exercising jurisdiction.

## IV.

The defendant next asserts that the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. [Record No. 8] He contends that the Complaint failed to state a claim because his son had no authority to sign the Agreement. [*Id.*] Further, the defendant argues that the claim for injunctive relief would violate the Anti-Injunction Act, 28 U.S.C.

§ 2283. [*Id.*] Conversely, the plaintiffs allege that the Agreement is valid and there would be no violation of the Anti-Injunction Act. [Record No. 9]

A 12(b)(6) motion to dismiss requires the Court to determine whether the Complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement of relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

### A. Validity of the Arbitration Agreement

Because the facts asserted in the Complaint must be accepted as true, *Iqbal*, 556 U.S. at 678, it is plausible that Terry validly signed the admission agreement on Donald's behalf. "[W]here a person's name is signed for him, at his direction, and in his presence, by another, the signature becomes his own, and is sufficient to give the same validity to an instrument as though written by the person himself." *Pardue v. Webb*, 70 S.W.2d 665, 666 (Ky. Ct. App. 1934). While the signature is difficult to decipher in the present case, it was on the resident line, so the Court will assume for purposes of the motion to dismiss that it was Donald's name.[1] According to the Complaint, Terry testified that Donald directed him

---

[1] "[W]hen a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007).

-11-

to sign the admission agreement, Donald was present at the time of the signing, and the admission agreement attached to the Complaint shows Terry signed on the resident signature line instead of the representative line. Therefore, the plaintiffs have alleged sufficient facts to state a claim for relief.

The parties disagree about whether an agency relationship was established between Donald and Terry. The defendant asserts that agency cannot be proven by the declarations of the alleged agent. [Record No. 8-1] But, the plaintiffs state sufficient facts that Terry may have been acting as a scrivener and "when a subscriber's name is written for him by another in his presence and by his parol authority, the act is deemed to be his as much as if he had done it in person, and the person actually writing the name is regarded, not as an agent, but as a mere instrument or amanuensis." *Ledford v. Hubbard*, 219 Ky. 9, 292 S.W. 345, 348 (1926). Because a scrivener is not acting as an agent, the Complaint states sufficient facts to allege the arbitration agreement was valid.

### B. Anti-Injunction Act

The defendant next contends that the claim for injunctive relief would violate the Anti-Injunction Act. However, the Sixth Circuit has determined that a district court's injunction of a state-court proceeding after compelling arbitration falls within the exception of the Anti-Injunction Act necessary to protect or effectuate the district court's judgments. *Great Earth Co. Inc. v. Simons*, 288 F.3d 878, 894 (6th Cir. 2002). Because an injunction would not violate the Anti-Injunction Act, the Court will not dismiss the claim for an injunction of the state-court proceedings.

V.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that the defendant's motion to dismiss [Record No. 8] is **DENIED**.

Dated: December 27, 2018.

Signed By:
*Danny C. Reeves*
United States District Judge